PRICE, Judge.
Petitioners, Harold Boyce Lofton and the West Monroe Police Pension and Relief Board, seek a declaratory judgment to determine whether Lofton is entitled to retirement benefits from the West Monroe Police Pension and Relief Fund (hereinafter referred to as the West Monroe system). The Municipal Employees Retirement System (hereinafter referred to as the Municipal system) was cited as a defendant by the West Monroe system.
The case presents two issues: (1) Whether the law pertaining to transfers between retirement systems, La.R.S. 42:696, et seq., entitles Lofton to utilize four years of military service, for which credit is afforded under the Municipal system, in computing his eligibility for retirement under the West Monroe system where such service is not creditable, and (2) Whether the 1975 amendment to R.S. 42:697 should be given retroactive application to a transfer between retirement systems which occurred in 1974.
The parties filed a joint stipulation of facts as follows:
(1) That Mr. Harold Boyce Lofton joined the West Monroe City Police Department on August 1st, 1959, and was continuously employed by said West Monroe City Police Department until his retirement from said Department on May 1, 1976, with the exception of said Mr. Lofton having been suspended one (1) day, thus giving Mr. Lofton a total of sixteen (16) years, eight (8) months, twenty-nine (29) days, of creditable active service with the West Monroe City Police Department.
(2) That Mr. Harold Boyce Lofton entered the Military Service on October 15th, 1952 and was honorably discharged from the United States Armed Services on October 12th, 1956.
(3) That Mr. Harold Boyce Lofton, by application dated April 9, 1974, and signed by him, requested a transfer of his membership in the West Monroe Police Pension & Relief Fund to the Municipal Police Employees’ Retirement System, said transfer to the Municipal Employees’ Retirement System to become effective June 1, 1974.
(4) That in accordance with the above mentioned transfer or request, the membership of Mr. Harold Boyce Lofton in the West Monroe Police Pension & Relief Fund was terminated as of June 1, 1974. That any and all contributions or credits to the account of Mr. Harold Boyce Lof-ton in the West Monroe Police Pension and Relief Fund have been retained in said West Monroe Police Pension and Relief Fund since the date Mr. Harold Boyce Lofton terminated his participation in said fund.
*1128 (5) That on June 1, 1974, Mr. Harold Boyce Lofton transferred to and became a member of The Municipal Police Employees’ Retirement System.
(6) That after June 1, 1974 there were no payments made to the credit of Mr. Harold Boyce Lofton in the West Monroe Police Pension & Relief Fund; and that no deductions were made from the salary of Mr. Harold Boyce Lofton for payment to the West Monroe Police Pension & Relief Fund.
(7) That, between June 1, 1974 and May 1, 1976, pursuant to State Law, the City of West Monroe, Louisiana, withheld from the compensation paid Mr. Harold Boyce Lofton, as an Officer of The West Monroe City Police, the sum of $1,554.98, said sum representing the amount due by Mr. Harold Boyce Lofton, to the Municipal Police Employees’ Retirement System for the period of June 1, 1974 through May 1, 1976; and that the entire above mentioned amount was transmitted by The City of West Monroe, Louisiana to The State of Louisiana and credited to the account of Mr. Harold Boyce Lofton in The Municipal Police Employees’ Retirement System.
(8) That, between June 1, 1974 and May 1, 1976, pursuant to state law, the City of West Monroe, Louisiana, contributed to the Municipal Police Employees Retirement System funds in the amount of $1,332.87, said sums representing the amount due by the City of West Monroe, Louisiana, to the account of Mr. Harold Boyce Lofton, in the Municipal Police Employees Retirement System for the period of June 1,1974, through May 1,1976; and that the entire above mentioned amount was transmitted by the City of West Monroe, Louisiana, to the State of Louisiana, and credited to the account of Mr. Harold Boyce Lofton in the Municipal Police Employees Retirement System.
It is uncontroverted that Lofton has met the twenty year retirement requisite under the Municipal system and is entitled to benefits thereunder; however, benefits under that system are not distributed until the retiree attains age fifty. Lofton is forty-three years old, therefore, the present litigation was initiated to determine whether Lofton has met the twenty year retirement requisite under the West Monroe system, and can begin drawing pro rata benefits under that system which has no minimum age restriction for distribution of benefits.
The crux of the controversy is whether Lofton can credit his military service toward retirement in the West Monroe system, which involves the interpretation of three statutes: (1) R.S. 33:2241, the general statute under which the West Monroe system was created, which restricts military service for retirement eligibility to World War II service; (2) R.S. 33:2374(D) which allows Lofton to count his non World War II military service as retirement credit in the Municipal system; and (3) R.S. 42:697 as amended in 1972 which regulates transfers between retirement systems.
Lofton and the Municipal system contend that under the act regulating transfers Lof-ton can utilize his four years of military service credit allowable under the Municipal system as creditable service for eligibility under all systems, including the West Monroe system. It relies on paragraph B of R.S. 42:697 which provides:
B. The service credit transferred under the provisions of this section together with all future service credit earned by the member shall be used as creditable service for regular retirement, disability retirement and survivor’s benefits for eli-. gibility in all systems.
The West Monroe system contends that Lofton’s military service cannot be included for service credit in its system because each system’s requirements must be met for retirement eligibility, citing paragraph E of § 697, which reads as follows:
E. To be eligible for survivor’s benefits, disability or regular retirement in each system, the transferred member must meet the eligibility requirements of each system. A member may meet the eligibility requirements in one system and begin drawing benefits from that system even though he is not at that time eligi *1129 ble for benefits from the other system; provided, however, that the member shall not be eligible to receive benefits for so long as he is contributing to either system.
The West Monroe system also contends that the 1975 amendment to § 697 is applicable, and under its provisions the West Monroe system can absolve itself of all liability in this matter.
The trial judge held the 1975 amendment to § 697 inapplicable since the transfer occurred in 1974. He further found the provisions of § 697 as amended in 1972 ambiguous, giving the benefit of the ambiguity to the retiree and awarding Lofton retirement benefits under the West Monroe system. We affirm.
La.R.S. 42:697, as amended in 1972, does not contain language which is clearly dispositive of the issue raised under these facts. Even when all paragraphs of the section are read in pari materia, this statute can be reasonably interpreted as supportive for the contentions made by all parties. The statute is ambiguous and any ambiguity should be liberally construed in favor of the retiree. Since the statute provides that each system is to pay a pro rata share of benefits based on the number of service years which that system bears to the proportion of the total years in all systems, we note that one of the possible effects of denying Lofton retirement eligibility under the West Monroe system would be to provide him with only the six years of retirement benefits credited in the Municipal system. The law does not favor denial of retirement benefits whenever there exists a reasonable construction otherwise. Miller v. City of Shreveport, 90 So.2d 565 (La.App.2d Cir. 1956).
The trial court correctly held that since the transfer occurred in 1974, the 1975 amendment to R.S. 42:697 is inapplicable.
For the reasons assigned, the judgment is affirmed.